UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN NOSAKHARE OKEAYA-INNEH,<br><br>        Petitioner,<br><br>   v.<br><br>ALBERTO R. GONZALES,[1] *et al.*,<br><br>        Respondents. | CASE NO.  C05-0026-JLR-JPD<br><br>REPORT AND<br>RECOMMENDATION |

## **INTRODUCTION AND SUMMARY CONCLUSION**

On January 31, 2005, petitioner filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his final order of removal to Nigeria.  (Dkt. #6). Petitioner is currently serving out a federal sentence for conviction of fraud at a Department of Homeland Security facility in Elroy, Arizona.  While detained, petitioner has filed three separate habeas petitions in the United States District Court of Arizona, one of which remains pending, and six separate actions in the Ninth Circuit Court of Appeals, one of which also remains

---

[1] On February 3, 2005, Alberto R. Gonzales was sworn in as the 80th Attorney General of the United States, succeeding former Attorney General John Ashcroft.  On February 15, 2005, Michael Chertoff was sworn in as the second Secretary of the Department of Homeland Security ("DSH"), succeeding former DHS Secretary Tom Ridge.  Messrs. Chertoff and Gonzales are "automatically substituted" as Respondents.  Fed. R. Civ. P. 25(d)(1).

ORDER FOR SERVICE AND
STATUS REPORT
PAGE – 1

pending.[2] Petitioner's pending Petition for Review filed in the Ninth Circuit, <u>Okeaya-Inneh v. Ridge</u>, No. 04-76112 (9th Cir. filed Nov. 29, 2004), asserts the same reasons for relief that are asserted in his habeas petition filed in this Court. (Dkt. #6, Dkt. #14, Exs. 1 and 2). Respondents have moved to dismiss, arguing that the Western District of Washington is not the proper venue for petitioner's habeas petition, and even if venue were proper, the Court lacks jurisdiction over the claims in the habeas petition because petitioner's sole remedy is through a Petition for Review with the Ninth Circuit. (Dkt. #14).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #6) be DENIED and respondents' motion to dismiss (Dkt. #14) be GRANTED.

## **BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Julian Nosakhare Okeaya-Inneh is a native and citizen of Nigeria. (Dkt. #7 at 3). On July 17, 1997, he attempted entry into the United State at Portland, Oregon, under the Visa Waiver Pilot Program, 8 U.S.C. § 1187, INA § 217, using a fraudulent United Kingdom passport, under the name of Desmond Rowan Francis. (Dkt. #6, Ex. J). On July 24, 1997, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), placing petitioner in removal proceedings and charging petitioner as inadmissable under Section 212(a)(6)(C)(i) of the Immigration and Nationality Act ("INA"), in that he, "by fraud or by willfully misrepresenting a material fact, procured a visa or other documentation, or admission into the United States." (Dkt. #6, Ex. B).

In removal proceedings on October 23, 1997, in Seattle, Washington, petitioner submitted

---

[2]No. 03-CV-2360 (D. Ariz. dismissed Feb. 5, 2004); No. 04-CV-465 (D. Ariz. dismissed July 16, 2004); No. 04-CV-2054 (D. Ariz. filed Sept. 29, 2004); No. 04-50195 (9th Cir. dismissed Oct. 15, 2004); No. 04-55332 (9th Cir. dismissed May 26, 2004); No. 04-56058 (9th Cir. dismissed July 16, 2004); No. 04-56501 (9th Cir. dismissed Dec. 23, 2004); No. 04-74633 (9th Cir. dismissed Dec. 16, 2004); <u>Okeaya-Inneh v. Ridge</u>, No. 04-76112 (9th Cir. filed Nov. 29, 2004).

an application for asylum and withholding of removal. On June 30, 1998, the Immigration Judge ("IJ") granted petitioner's application for asylum and withholding of removal. (Dkt. #6, Ex. C). Both the petitioner and the DHS reserved appeal, but neither party filed an appeal of the IJ's decision. (Dkt. #6, Ex. B and C).

On March 7, 2003, petitioner was convicted in the United States District Court, Central District of California, for the offense of "Fraud and Related Activity in Connection with Means of Identification" in violation of 18 U.S.C. § 1028(a)(7), and was sentenced to 15 months in prison. (Dkt. #6, Ex. N). On March 2, 2004, petitioner was transferred to a Department of Homeland Security facility in Elroy, Arizona, and has remained detained there without bond.

On March 5, 2004, the DHS filed a Motion to Reopen and Motion to Change Venue, seeking to terminate petitioner's 1997 grant of asylum and withholding of removal based on petitioner's fraud conviction. On March 15, 2004, the IJ granted respondents' motion to reopen and change venue to Elroy, Arizona. (Dkt. #6, Ex. D). On April 12, 2004, petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"). On April 30, 2004, the BIA dismissed petitioner's appeal.

On April 4, 2004, the DHS filed Additional Charges of Inadmissability/Deportability, adding factual allegations and a charge of removability pursuant to INA § 237(a)(2)(A)(iii). (Dkt. #6, Ex. J). On April 12, 2004, respondents filed in Immigration Court in Elroy, Arizona a motion to terminate petitioner's grant of asylum and withholding of removal based on petitioner's fraud conviction. In addition, respondents requested that the IJ dismiss the removal proceedings on the July 1997 NTA, pursuant to 8 C.F.R. § 1239.2(a)(6), (c), stating that petitioner's removal proceedings should have been initiated with a Notice of Referral rather than a NTA because petitioner had been admitted under the visa waiver program. (Dkt. #6, Ex. B, p. 2 n.2). Petitioner opposed the motions. On May 17, 2004, the IJ in Elroy, Arizona granted

respondents' motion to terminate petitioner's grant of asylum and withholding of removal, and terminated the proceedings without prejudice. (Dkt. #6, Ex. N). Petitioner reserved appeal. (Dkt. #6, Ex. O).

On May 19, 2004, petitioner filed a Motion to Reconsider the IJ's May 17, 2004, decision. On May 28, 2004, the IJ denied petitioner's Motion to Reconsider. (Dkt. #6, Ex. B). Petitioner alleges that on June 9, 2004, he timely filed a Notice of Appeal with the BIA but, for reasons that are not clear from the record, the BIA never processed the appeal. (Dkt. #7 at 4). On June 24, 2004, petitioner filed an appeal of the IJ's denial of his Motion to Reconsider with the BIA. On November 23, 2004, the BIA affirmed, without opinion, the IJ's order denying the motion for reconsideration pursuant to the BIA's summary affirmance procedures, 8 C.F.R. § 1003.1(e)(4). (Dkt. #6, Ex. A).[3]

On January 31, 2005, petitioner filed, *pro se*, the instant habeas petition pursuant to 28 U.S.C. § 2241. (Dkt. #6).[4] On March 28, 2005, respondents filed a Return Memorandum and Motion to Dismiss. (Dkt. #14). Petitioner did not file a response. The briefing is now complete and the habeas petition and motion to dismiss are ready for review.

---

[3] Respondents also note that while in DHS custody in Arizona, petitioner made a claim of credible fear of returning to Nigeria. The DHS filed a Form I-863 Notice of Referral to Immigration Judge on petitioner's claims for withholding and relief under the Convention Against Torture ("CAT"). (Dkt. #6, Ex. P). On January 25, 2005, the IJ denied petitioner's claim for withholding, but granted a deferral under the CAT. Both petitioner and the DHS have appealed this decision to the BIA. The matter remains pending before the BIA.

[4] On March 21, 2005, petitioner filed a "Motion for Summary and Default Judgment," alleging that respondents had failed to file their Return and Status Report ("RSR") within 30 days of service as directed by the Court. (Dkt. #12). The Court notes that as a result of a clerical error, the U.S. Attorney was improperly served at the wrong address and therefore deems respondents' RSR as timely filed. The Court further notes the strong policy underlying the Federal Rules of Civil Procedure favoring resolution of actions on the merits. *See Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1999).

ORDER FOR SERVICE AND
STATUS REPORT
PAGE – 4

## **DISCUSSION**

Petitioner's habeas petition challenges two decisions issued by the BIA. First, petitioner challenges the BIA's April 30, 2004, decision affirming the Seattle IJ's order granting respondents' motion to reopen and change venue to Elroy, Arizona. And second, petitioner challenges the BIA's November 23, 2004, decision affirming the Elroy IJ's order denying petitioner's motion to reconsider the decision to terminate the prior grant of asylum and terminate the proceedings. Petitioner's pending Ninth Circuit Petition for Review asserts the same reasons for relief that are asserted in this action. The habeas petition is an almost verbatim copy of petitioner's Opening Brief filed in the Ninth Circuit (Dkt. #14, Ex. 2). Respondents argue that petitioner has filed his habeas petition in the wrong judicial district, and even venue is proper, this Court lacks jurisdiction to review his claims

*Habeas Jurisdiction*

The Ninth Circuit has made clear that before pursuing habeas relief in district court, an alien must first exhaust all administrative remedies available as of right. *See Sun v. Ashcroft*, 370 F.3d 932, 939-41 (9th Cir. 2004)(holding that 8 U.S.C. § 1252(d)(1) imposes a statutory exhaustion requirement on immigration habeas petitioners); *Acevedo-Carranza v. Ashcroft,* 371 F.3d 539, 542 (9th Cir. 2004); *Laing v. Ashcroft,* 370 F.3d 994, 999 (9th Cir. 2004). In addition to the statutory exhaustion requirement, the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Laing*, 370 F.3d at 997 (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)). This includes the timely filing of a Petition for Review in the appropriate court of appeals. *Laing*, 370 F.3d at 997-1000; *see also Acevedo-Carranza*, 371 F.3d at 542.

In limited circumstances, district courts retain habeas jurisdiction over allegations of constitutional and statutory violations during administrative removal proceedings. *INS v. St.*

*Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001); *see also Gutierrez-Chavez v. INS*, 298 F.3d 824 (9th Cir. 2002).  But the Court of Appeals has determined that habeas jurisdiction remains available for review of immigration proceedings *only where petitioner has no other available remedy*.  *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)(emphasis added).  These exceptions to the exhaustion requirement do not apply here.

In order to challenge the BIA's April 30, 2004, decision petitioner was required to file a direct appeal in the Ninth Circuit within 30 days of the final order.  8 U.S.C. § 1252(a).  Likewise, in order to challenge the BIA's November 23, 2004, decision petitioner was required to file a direct appeal in the Ninth Circuit within 30 days of that final order.  *Id.*  In this case, petitioner's direct appeal is currently pending before the Ninth Circuit.  Accordingly, this Court lacks jurisdiction to hear petitioner's habeas petition because he has failed to exhaust his judicial remedies.

Finally, the Court notes that petitioner failed to respond to respondents' motion to dismiss.  This District's local rule states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rule CR 7(b)(2).  Petitioner has provided no reason why this Court should not apply that rule to his case.

### CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed.  A proposed Order accompanies this Report and Recommendation.

DATED this 23rd day of May 2005.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER FOR SERVICE AND
STATUS REPORT
PAGE – 6